IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ROGER DALE MORGAN,**

       **Plaintiff,**

**v.**

       Case No. 2:15-cv-02332-SHM-cgc

**TIMOTHY DISCENZA, MARK JACKSON,
and BRIAN BURNS,**

       **Defendants.**

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTIONS TO DISMISS**

       Before the Court are Defendants Timothy Discenza, Mark Jackson, and Brian Burns' Motions to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entries "D.E." #20, #21, #22). The instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is recommended that the instant motions be GRANTED.

    **I.   Introduction**

       On May 19, 2015, Plaintiff filed a pro se Complaint for Violations of Civil Rights under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff named "Western District of Tennessee former Assistant U.S. Attorney General Tim Discenza and Federal Bureau of Investigation agents Mark Jackson and Brian Burns" as Defendants. Plaintiff set forth his claim as follows:

> It appears Former AUSAG Tim Discenza and FBI agents Mark Jackson and Brian Burns made false statements to a grand jury to obtain an indictment against me. The things they told a grand jury I did to obtain the indictments they later admitted in open court they had no evidence that I did. I have evidence that Tim Discenza also spoke to a potential witness for me in my case before the matter went to court and this could be construed as witness tampering. I was never at any time read my Miranda rights and was not under oath at any time. My Brady rights were violated because the government had information that proved I did not do what they accused me of doing, and this was admitted in open court after I pled guilty. I would also like to bring to your attention that I did pass a polygraph test showing that I did not make false statement to the government, but this was never admitted into evidence during the trial or even brought before the judge. As noted above, I have attached sheets to support my complaints. While these legal issues were going on it cost me a financial loss of over $150,000.00 a year in contracts, which would now total over one million dollars in lost income. These contracts were correctly BID on through Shelby County Government (Drug Court). I was the pro bono psychologist for the Shelby County Drug Court for over five years.

(Compl. ¶ IV).

> Plaintiff requested as relief as follows:
>
> I wish to have my guilty plea dismissed and the indictments against me dismissed due to the fact that the government made false statements to a grand jury to obtain the indictments. The government violated my civil rights, Miranda Rights, Brady Rights, and spoke to a potential witness that would have supported my case. . . .

(Compl. ¶ V).

On October 7, 2015, Defendants each filed a Motion to Dismiss Plaintiff's Complaint, asserting numerous bases for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Jackson asserts that the claims against him must be dismissed because he has not been personally served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants collectively assert that they acted under color of federal law rather than state law and that, therefore, Section 1983 does not create any cause of action against them.[1]

---

[1] White acknowledging Discenza's status as a former federal prosecutor, Defendants state that Discenza's former title as listed in Plaintiff's Complaint is incorrect and that he actually served as a former Assistant United States

Defendants collectively argue that Plaintiff's pro se Complaint should not be construed as an action pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) because they cannot be sued in their individual capacities under *Bivens* for equitable relief such as the dismissal of an indictment. Defendants collectively argue that, to the extent that the Complaint is construed as asserting a *Bivens* claim, it is barred by the applicable one-year statue of limitations, it fails to state a claim because it does not allege that his conviction has been reversed on direct appeal, expunged, or called into question by a federal court's issuance of a writ of habeas corpus, that Defendant Discenza is entitled to absolute immunity for the allegations as to him in the Complaint, and that Defendants Burns and Jackson are entitled to absolute immunity with respect to testimony before the grand jury. Defendants collectively assert that the failure to disclose *Brady* material prior to entry of a plea agreement does not violate the United States Constitution and does not give rise to a claim pursuant to *Bivens*. Defendants collectively assert that the allegation that Plaintiff was not advised of his *Miranda* rights is insufficient to state a claim upon which relief may be granted. Finally, Defendant Discenza argues that the allegation that he spoke to a defense witness is insufficient to state a claim upon which relief may be granted.

---

Attorney with the Office of the United States Attorney for the Western District of Tennessee. (Discenza Mot. to Dismiss at 1).

On October 29, 2015, Plaintiff filed a pro se Response to Defendants' Motions to Dismiss. Plaintiff states that the bases for his Complaint were included in a letter, which he refers to as his "Color of Law Complaint," sent to Defendants before the initiation of his case. Plaintiff further states that his Complaint clearly sets forth his claims against Defendants. Specifically, Plaintiff argues that service was proper upon Defendant Jackson because he was unable to know where to serve him due to the nature of his work so he effectuated service upon the Office of the Attorney General. Plaintiff argues that this Court should construe his Complaint as raising claims under *Bivens*, as he has asserted that his civil rights were violated. Plaintiff asserts that his claims should not be barred by the statute of limitations because he sent letters to multiple government officials before the initiation of this action, to which he alleges he received no responses., and because he "clearly filed his complaints with the government once it was clear that his Brady Rights and Bivens Rights were violated." Plaintiff asserts that none of the Defendants should be entitled to absolute immunity for actions he alleges to be done "knowingly and willfully." Plaintiff reasserts that his *Brady* rights were violated by the government's failure to disclose exculpatory evidence before his guilty plea was entered and that he was never advised of his *Miranda* rights.

## II.  Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells*

5

*v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for him.  *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

## A.  Section 1983

Plaintiff's Complaint states that he seeks to pursue a Section 1983 claim against all Defendants.  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations omitted).  "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"  *West*, 487 U.S. at 49 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)).  If action is taken under color of federal, and not state law, no action

6

under § 1983 can be sustained. *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987) (citing *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982)).

Upon review, the Defendants in Plaintiff's Complaint are all alleged to be federal officers─one a federal prosecutor and two federal law enforcement officers. (Compl. ¶ IV). There are no allegations of any actions by any Defendants made under color of state law in the instant action. Accordingly, it is recommended that Plaintiff's Complaint fails to state a claim under Section 1983 upon which relief may be granted. Therefore, it is further recommended that Plaintiff's Section 1983 claims be dismissed pursuant to Rule 12(b)(6) as to all Defendants.

## B.  Bivens

### I.  Failure to Explicitly Raise Bivens Claim

Next, while Plaintiff's Complaint does not explicitly reference *Bivens*, Defendants have nonetheless argued that this Court should not construe it as setting forth a claim thereunder. In *Bivens*, the United States Supreme Court created a private right of action for damages against officials acting under color of federal law when they are alleged to have violated a citizen's constitutional rights. *Bivens*, 403 U.S. at 389. "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (1996).

When a plaintiff raises a Section 1983 claim and not a *Bivens* claim, a court is not required to convert the Section 1983 claim asserted against federal officials into one asserting *Bivens* violations. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Further, Plaintiff's Complaint seeks equitable relief in the form of dismissal of his indictment and guilty plea. There is no indication that the *Bivens* court intended to create a claim to provide these remedies, and the

7

relief requested is not of the nature that can be provided by Discenza, Burns, or Jackson. *Bivens*, 403 U.S. at 389 (holding that a *Bivens* claim is a "cause of action for *damages* consequent upon his unconstitutional conduct.") (emphasis added).

### ii. *Statute of Limitations*

Even if the Court were to construe Plaintiff's Section 1983 Complaint as a *Bivens* claim due to the substance of the claims and the leniency given to pro se pleadings, it is recommended that it would nonetheless fail to state a claim for relief upon which relief may be granted for four reasons. First, the United States Court of Appeals for the Sixth Circuit has applied a one-year statute of limitations under Tennessee law to *Bivens* actions. *See* Tenn. Code Ann. § 28-3-103(a)(3); *Zunfdel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). Federal law determines the question of when the statute of limitations begins to run, which is "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2003) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

In the underlying criminal case, Plaintiff was indicted on May 13, 2008, pled guilty on March 15, 2010, and was sentenced and a judgment entered on June 21, 2010. *United States v. Roger Morgan*, No. 2:08-cr-20157-BBD-1 (W.D.Tenn.). Plaintiff's Complaint alleges that he became aware of the alleged false statements made by Defendants Discenza, Burns, and Jackson "in open court" at some point during the pendency of his case. (Compl. ¶ IV). The docket reflects that the final proceeding held in open court was Plaintiff's sentencing on June 21, 2010. Plaintiff's Complaint was not filed until nearly five years later on May 19, 2015.

Further, as Defendants correctly point out, Plaintiff's Complaint includes a letter addressed to the "United States Attorney General for the Western District of Tennessee," dated March 15,

2012, in which the Plaintiff states that he wishes "to file a Color of Law complaint" against Defendants Discenza, Jackson, and Burns. While this letter was not filed with the Court until it was filed as an exhibit with the Complaint, even it was dated beyond the one-year statute of limitations applicable to *Bivens* actions.

Plaintiff's Response nonetheless argues that the claims in his Complaint should not be time-barred letter because of this letter expressing his desire to file a "Color of Law complaint." It appears that Plaintiff is attempting to assert that his claim is not untimely due to the doctrine of equitable tolling. The United States Court of Appeals for the Sixth Circuit has stated that the federal courts "sparingly bestow equitable tolling" but "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552 (6th Cir. 2000) (citations omitted). There are five factors for determining when equitable tolling is appropriate: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and, (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id*. (citation omitted). Plaintiff's assertion that he sent this letter expressing his desire to file certain claims does not address any of these factors. Accordingly, the Court does not find that the doctrine of equitable tolling applies to prevent Plaintiff's Complaint from being time-barred.

### iii. *Failure to Allege Reversal, Expungement, Invalidity, or Writ of Habeas Corpus*

Next, the United States Supreme Court has held that a Section 1983 plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question

9

by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The holding in *Heck* has been applied to *Bivens* claims by the United States Court of Appeals for the Sixth Circuit. *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998); *Lanier v. Bryant*, 332 F.3d 999, 1005-1006 (6th Cir. 2003). Plaintiff's Complaint does not allege that his conviction has been reversed on direct appeal, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. Additionally, the information in this Court's electronic filing system ("ECF") does not indicate any appeal was taken or other action occurred after the sentencing hearing was held and the judgment was entered on June 21, 2010.

### *iv. Immunity*

Further, even if the Complaint were construed as containing *Bivens* claims, Defendant Discenza retains absolute immunity from suit for actions taken in his capacity as a former federal prosecutor. The Supreme Court has recognized that federal prosecutors are entitled to absolute immunity for alleged violations of constitutional rights in their performance of any acts that are an "integral part of the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976) (citations omitted). The Complaint alleges that Defendant Discenza made false statements to a grand jury in order to obtain an indictment against Plaintiff, but it is well settled that a prosecutor's advocacy before a grand jury is entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 259 (1993); *Burns v. Reed*, 500 U.S. 478, 487 & n.6 (1991). The Complaint additionally states that Defendant Discenza later admitted in open court that he did not have evidence to support the claims he made to the grand jury, but this advocacy before open court is likewise an "integral part of the judicial process" that is protected by absolute immunity." *Imbler*, 424 U.S. at 430 (citations omitted). It also asserts that Defendant Discenza did not disclose *Brady* materials in advance of his guilty plea, but a prosecutor is also protected by absolute immunity on such a claim. *Koubriti*

10

*v. Convertino*, 593 F.3d 459, 467-68 (6th Cir. 2010). Finally, it asserts that Defendant Discenza "spoke to a potential witness . . .before the matter went to court and this could be construed as witness tampering. " (Compl. ¶ IV). A prosecutor's investigation of the evidence and potential government witnesses is yet another of the "integral part[s] of the judicial process," the performance of which he is entitled to absolute immunity.

The Supreme Court has additionally extended absolute immunity against Section 1983 claims to law enforcement officers who are alleged to have testified falsely before a grand jury. *Briscoe v. LaHue*, 460 U.S. 343-345 (1983). Various courts that have considered the question have likewise determined that the same absolute immunity applies in a *Bivens* action when law enforcement officers are alleged to have testified falsely before a grand jury, as Plaintiff alleges here. *See Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014); *Collum v. Grayson*, 2013 WL 321300, at *9 n.3 (W.D.La. June 24, 2013); *Ransaw v. Lucas*, 2013 WL 6179418, at *4 (N.D. Ohio Nov. 25, 2013).

Accordingly, it is recommended that, even if the Court were to construe Plaintiff's Complaint as raising a *Bivens* claim, that it fails to state a claim upon which relief may be granted because it is barred by the applicable one-year statute of limitations, it does not allege that Plaintiff's conviction has been reversed on direct appeal, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus, that Defendant Discenza is entitled to absolute immunity for the allegations in the Complaint, and that Defendants Burns and Jackson are entitled to absolute immunity as to their testimony before the grand jury.

### III. Conclusion

For the reasons set forth herein, it is recommended that Defendants' Motions to Dismiss be GRANTED.

Signed this 9th day of February, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**