# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| ROGER DALE MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-02332 |
| ) | |
| TIM DISCENZA, MARK JACKSON, ) | |
| and BRIAN BURNS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Magistrate Judge's February 9, 2016 Report and Recommendation (the "Report") recommending that the Court grant Defendants Tim DiScenza ("DiScenza"), Mark Jackson ("Jackson"), and Brian Burns' ("Burns") (collectively, "Defendants") October 7, 2015 Motions to Dismiss. (Report, ECF No. 27; DiScenza Mot., ECF No. 20; Burns Mot., ECF No. 21; Jackson Mot., ECF No. 22.) Plaintiff Roger Morgan ("Morgan") filed an Objection on February 19, 2016. (Obj., ECF No. 28.) Defendants have not objected and the time to do so has passed.

For the following reasons, the Magistrate Judge's Report is ADOPTED in relevant in part, and the Motions to Dismiss are GRANTED.

**I. Background**

On May 13, 2008, Morgan was indicted in the Western District of Tennessee on two counts of making false statements to FBI agents about quid pro quo offers and financial contributions to former Tennessee Senator John Ford, in violation of 18 U.S.C. § 1001. (Indictment, ECF No. 1 in United States v. Roger Morgan, 8-cr-20157 (W.D. Tenn.).) Morgan pled guilty to one count on March 15, 2010, and on June 21, 2010, the Court imposed criminal monetary penalties of $5,000. (Order, ECF No. 45 in 8-cr-20157; Judgment, ECF No. 50 in 8-cr-20157.)

On May 19, 2015, Morgan filed a pro se "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (Compl., ECF No. 1 at 1.) Morgan alleges that DiScenza (a former Assistant United States Attorney[1] for the Western District of Tennessee), Jackson (an FBI agent), and Burns (an FBI agent) "made false statements to a grand jury to obtain an indictment against him." (Id. at 2.) Morgan alleges that DiScenza "spoke to a potential witness . . . before the matter went to court and this could be construed as witness tampering." (Id.) Morgan alleges that he "was never at any time read [his] Miranda Rights and was not under oath at any time." (Id.) Morgan alleges that his "Brady

---

[1] Morgan lists DiScenza's former title as "Assistant United States Attorney General." (Compl., ECF No. 1 at 1 (emphasis added).) That appears to be a typographical error or a misunderstanding. (DiScenza Mot., ECF No. 20 at 1.) The parties acknowledge that DiScenza was a federal prosecutor at all relevant times.

2

rights were violated because the government had information that proved [he] did not do what they accused [him] of doing, and this was admitted in open court after [he] pled guilty." (Id. at 3.) Morgan "would also like to bring to [the Court's] attention that [he] did pass a polygraph test showing that [he] did not make false statements to the government, but this was never admitted into evidence during the trial or even brought before the judge." (Id.)

Morgan alleges that the criminal judgment against him, which was based on violations of his rights, "cost [him] a financial loss of over $150,000 a year in contracts, which would now total over one million dollars in lost income." (Id.) Morgan does not request damages. Instead, he seeks "to have [his] guilty plea dismissed and the indictments against [him] dismissed." (Id.)

**II. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 Fed. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ.

3

P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 Fed. App'x 228, 230 (6th Cir. 2009). Parties cannot validly object to a magistrate's report without explaining the source of the error. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93 (2007). However, "the lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading

4

essentials are not abrogated in pro se cases. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 Fed. App'x 784, 786 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. Pliler v. Ford, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. Payne v. Secretary of Treasury, 73 Fed. App'x 836, 837 (6th Cir. 2003).

**III. Analysis**

In their Motions to Dismiss, Defendants argue that they acted under color of federal rather than state law and therefore that § 1983 does not create a cause of action against them. Defendants also argue that Morgan's Complaint should not be construed as a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because they cannot be sued in their individual capacities under Bivens for equitable relief, such as the dismissal of an indictment. Defendants argue that, to the extent the Complaint is construed to raise an otherwise valid Bivens claim, it is barred by the applicable one-year statute of limitations and fails to allege

5

that Morgan's conviction has been reversed on direct appeal, expunged, or called into question by a federal court's writ of habeas corpus. Defendants also raise various individual defenses, including failure to serve process properly and absolute immunity.

In his Response to the Motions, Morgan argues that his Complaint is properly construed as a Bivens action. (Resp., ECF No. 25 at 2.) He argues that the statute of limitations should not apply, because "[s]everal complaints were sent" at an earlier time "to the United States Government Attorney General in the Western District of Tennessee, as well as Washington, DC." (Id. at 3.) Morgan argues that Defendants are not entitled to absolute immunity because they acted "knowingly and willfully." (Id. at 2-3.) Morgan's Response reasserts factual allegations made in the Complaint and alleges new facts.

In her Report, the Magistrate Judge recommends that the Motions to Dismiss be granted on a multiple alternative grounds. First, she recommends that Morgan's § 1983 claim not be construed as a Bivens claim because he neither explicitly invokes Bivens nor requests relief appropriately available under Bivens. (Report, ECF No. 27 at 7-8.) Second, she recommends that Morgan's claim—if construed as a Bivens claim—be barred by the one-year statute of limitations, because Morgan had reason to know of the injury as early as June 21, 2010, when he

was sentenced, and because he alleges that he sent his first "complaint" to the "Attorney General" on March 15, 2012. (Id. at 8-9.) Third, she recommends that Morgan's Bivens claim be dismissed for failure to "'prove that the underlying criminal conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by a federal court's issuance of a writ of habeas corpus.'" (Id. at 9-10 (quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).) Fourth, the Magistrate Judge recommends that absolute immunity apply to Defendants in this case. (Id. at 10-11; see Ransaw v. Lucas, 2013 WL 6179418 at *4 (N.D. Ohio Nov. 25, 2013) (extending absolute immunity to Bivens actions when law enforcement officers are alleged to have testified falsely before a grand jury); Imbler v. Pachtman, 424 U.S. 409, 424 (1976) (extending absolute immunity when federal prosecutors are alleged to have violated constitutional rights in their performance of acts that are an "integral part of the judicial process").)

In his Objection, Morgan asserts, without argument, that the § 1983 claim raised in his Complaint should be construed as a Bivens claim. (Obj., ECF No. 28 at 1.) He argues that the claim is not time-barred, because he "began to file [his] complaints as soon as it was made known to [him] that [his]

rights had been violated" and his complaints were filed "within a year after [he] recognized [his] rights were violated." (Id. at 2.) Addressing immunity, he argues that "clearly under the circumstances of the Bivens Rights as it relates to Color of law complaints does not give absolute immunity to federal agents as stated in 2014 on the FBI's website which states that federal agents on or off duty must conduct themselves in a[n] appropriate official capacity." (Id. at 4.) To support equitable relief rather than damages, Morgan argues—without citation—that "the United States Government in 1980 regarding Statute 28-USC-1331 stated, 'Therefore a federal court can hear a federal question case even if no money is sought by the plaintiff.'" (Id. at 6.)

Morgan's Objection is unresponsive to the Report on at least one adequate ground for dismissal. As the Magistrate Judge correctly notes, the Supreme Court has held that a § 1983 plaintiff "'must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by a federal court's issuance of a writ of habeas corpus.'" (Report, ECF No. 27 at 9-10 (quoting Heck, 512 U.S. at 486-87).) The requirement in Heck has been extended to Bivens claims by the Sixth Circuit. See Lanier v. Bryant, 332 F.3d 999, 1005-1006 (6th Cir. 2003);

8

Robinson v. Jones, 142 F.3d 905, 907 (6th Cir. 1998). Morgan makes no allegation in his Complaint that his underlying criminal conviction has been reversed, expunged, invalidated, or called into question via habeas corpus. In his Objection, he does not object to the Magistrate Judge's recommendation that the Motions to Dismiss be granted based on Heck—nor does it appear that there is any basis for such an objection.

Morgan seeks to have his § 1983 claim construed as a Bivens claim. So construed, and absent objection to the Magistrate Judge's Heck recommendation, Arn counsels the Court to adopt the Report's recommendation that Morgan has failed to satisfy the requirements of Heck. Arn, 474 U.S. at 151. That recommendation is ADOPTED.

Morgan has failed to state a claim upon which relief may be granted under § 1983 or Bivens. The Motions to Dismiss are GRANTED.

**IV. Conclusion**

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED in relevant part, and the Motions to Dismiss are GRANTED.

So ordered this 22nd day of June, 2016.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE